# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **YOULANDA ARRINGTON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:23-cv-1744-AMM |
| | ) |
| **MIDLAND CREDIT** | ) |
| **MANAGEMENT, INC.,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This case is before the court on Defendant Midland Credit Management, Inc.'s ("Midland") motion for judgment on the pleadings. Doc. 4. Upon review of the motion and Plaintiff Youlanda Arrington's complaint, the court finds that Ms. Arrington's complaint is an impermissible shotgun pleading such that the court cannot proceed. *See* Doc. 1 at 7–14. The court **STRIKES** the complaint and **ORDERS** Ms. Arrington to replead on or before **DECEMBER 20, 2024** in conformity with Federal Rules of Civil Procedure 8(a)(2) and 10(b), as well as the Eleventh Circuit's instructions about properly pleading a complaint. Because an amended complaint is forthcoming, Midland's motion for judgment on the pleadings, Doc. 4, is **DENIED as MOOT**.

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a party

to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." A purpose of Rules 8(a)(2) and 10(b) is to allow the court to determine "which facts support which claims." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (internal quotation marks omitted). The Eleventh Circuit has explained that pleadings "that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Id.*; *see also Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

Shotgun pleadings fall into "four rough types or categories." *Weiland*, 792 F.3d at 1321. The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is one that does "not separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–23. And the fourth category of complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

The Eleventh Circuit has repeatedly and vehemently condemned shotgun pleadings. *See Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020); *see also Weiland*, 792 F.3d at 1321. It strongly encourages "a district court that receives a shotgun pleading [to] strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading." *Est. of Bass*, 947 F.3d at 1358.

Ms. Arrington's complaint is an impermissible shotgun pleading of the second and third categories. *See* Doc. 1 at 12, ¶¶ 23–24 (alleging multiple claims under one count and failing to describe said claims). If Ms. Arrington files an amended complaint, it may not "include[] numerous vague and conclusory allegations." *Barmapov*, 986 F.3d at 1325. In an amended complaint, Ms. Arrington must only include material allegations and offer a coherent explanation for the claims against Midland. Additionally, the amended complaint may not state multiple claims within each count. *Weiland*, 792 F.3d at 1322–23. Ms. Arrington's amended complaint must state in a separate count each discrete claim pursuant to the Fair Debt Collection Practices Act. *See id.* Each count must identify the particular factual allegations that support it.

The Eleventh Circuit has held that it "will not adopt a rule requiring district courts to endure endless shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1297 (11th Cir. 2018). The rule in this Circuit is that a district court "could

3

not have abused its discretion in dismissing [a complaint] on shotgun pleading grounds" when the court *sua sponte* gave plaintiff "a chance to replead and remedy his shotgun pleading issues, and provided him with a veritable instruction manual on how to do so . . . [but plaintiff still] did not fix the problem." *Id*. at 1296; *Barmapov*, 986 F.3d at 1326 (affirming a district court's dismissal with prejudice when district court gave plaintiff who was represented by counsel one chance to correct shotgun pleading and plaintiff failed to do so).

Accordingly, the court **STRIKES** the complaint and **ORDERS** Ms. Arrington to replead on or before **DECEMBER 20, 2024** in conformity with Rules 8(a)(2) and 10(b) and the Eleventh Circuit's instructions about properly pleading a complaint. *See, e.g.*, *Weiland*, 792 F.3d at 1320-23. Because an amended complaint is forthcoming, Midland's motion for judgment on the pleadings, Doc. 4, is **DENIED as MOOT**.

**DONE** and **ORDERED** this 6th day of December, 2024.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE

4